**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **RAGNER TECHNOLOGY, CORPORATION, et al.,** | : | **Civil Action No. 15-8185 (ES) (MAH)** |
| **Plaintiffs,** | : | **MEMORANDUM** |
| **v.** | : | |
| **TELEBRANDS CORPORATION,** | : | |
| **Defendant.** | : | |

SALAS, DISTRICT JUDGE

1. ***Introduction.*** This is a patent infringement action. Pending before the Court is Plaintiffs Ragner Technology Corporation and Tristar Products, Inc.'s (together, "Plaintiffs") partial motion to dismiss (D.E. No. 60) Defendant Telebrands Corporation's ("Telebrands") First Amended Counterclaim (D.E. No. 47 ("FAC")) under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs seek to dismiss Telebrands' counterclaims for (i) tortious interference with contractual relationships (Count Three); and (ii) malicious use of process (Count Four). This Court previously dismissed both counterclaims *without prejudice*. (D.E. Nos. 45 ("June 2016 Opinion") & 46).[1] For the following reasons, the Court GRANTS Plaintiffs' motion and DISMISSES Counts Three and Four of Telebrands' First Amended Counterclaim *with prejudice*.

2. ***Legal Standard.*** To survive a motion to dismiss under Rule 12(b)(6), a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

[1] The Court writes primarily for the parties and incorporates the factual and procedural background set forth in the June 2016 Opinion.

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "When reviewing a motion to dismiss, [a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 565 (3d Cir. 2011) (citation and internal quotation marks omitted). But the Court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

3. ***Tortious Interference with Contractual Relationships.*** To state a claim for tortious interference with contractual relationships under New Jersey law, a party must establish (i) the existence of the contract; (ii) interference which was intentional and with malice; (iii) the loss of the contract or prospective gain as a result of the interference; and (iv) damages. *Amgro, Inc. v. Lincoln Gen. Ins. Co.*, 361 F. App'x 338, 345 n.9 (3d Cir. 2010) (citations and internal quotation marks omitted). The "New Jersey Supreme Court has defined malice in this context as not a general ill-will towards the victim, but as intentional interference without justification or excuse." *Mu Sigma, Inc. v. Affine, Inc.*, No. 12-1323, 2013 WL 3772724, at *4 (D.N.J. July 17, 2013) (citing *Printing Mart-Morristown*, 563 A.2d 31, 37 (N.J. 1989)).

4. Telebrands' allegations in support of its claim for tortious interference with contractual relationships are largely duplicative of those that appeared in its original Counterclaim. For example, Telebrands realleges that it "has contractual relationships with certain customers of which Tristar is aware," and that "Tristar intentionally and maliciously interfered with the contractual relationship by sending Telebrands' customer an improper notice regarding this lawsuit and improperly using litigation as a device for selling its own competing product." (FAC ¶¶ 71,

73). Telebrands also realleges that "as a result of the improper notice at least one customer has been coerced into buying Tristar's expandable and contractible Flex-Able Hose product at the expense of pre-existing contracts to buy POCKET HOSE products from Telebrands." (*Id.* ¶ 74). Telebrands appears to have added one new relevant allegation:

> Referring customers' buyers to the website www.flexablehoselawsuit.com, which included a copy of an "official" press release and the entire complaint in this action and further referring them to litigation counsel, Tristar's representative stated, "It is a matter of urgency that I inform you today of the lawsuit being filed by Ragner Technology Corporation and Tristar Products, Inc suing Pocket Hose Makers for patent infringement. The complaint seeks an injunction to stop sales of Pocket Hoses, including the Pocket Hose, Pocket Hose Ultra, Pocket Hose Dura-Rib and Pocket Hose Top Brass models." Tristar, directly or through its agents, further stated, "The patents appear strong, we are confident that Tristar will pursue this aggressively."

(*Id.* ¶ 29).

5. The Court again finds that Telebrands has failed to state a claim for tortious interference with contractual relationships. As the Court noted in the June 2016 Opinion, 35 U.S.C. § 271(a) permits a patentee to sue "whoever without authority makes, uses, offers to sell, or sells any patented invention." (June 2016 Opinion at 7). And Plaintiffs allege in their Complaint that "True Value and Scott True Value sell Telebrands' Pocket Hoses with promotional packaging and instructions that intentionally induce purchasers to use the Telebrands Pocket Hoses to infringe the method claims of the '448 patent." (D.E. No. 1 ¶ 41). Plaintiffs thus persuasively argue that Telebrands fails to meet the second element of its claim—that Plaintiffs' interference was without justification or excuse. *See Printing Mart-Morristown*, 563 A.2d at 37; *see also Samsung Elecs. Am., Inc. v. Westpark Elecs., LLC*, No. A-3777-14T3, 2015 WL 7783607, at *1 (N.J. Super. Ct. App. Div. Dec. 4, 2015) (stating that a plaintiff asserting a claim for tortious interference with a contract "must demonstrate that the defendant intentionally and improperly interfered with the performance of a contract") (citation and internal quotation marks omitted).

The Court agrees with Plaintiffs that Telebrands' allegations to the contrary are mere legal conclusions that need not be credited. *See Iqbal*, 556 U.S. at 678. And tellingly, Telebrands does not offer any authority supporting its argument that a notice like Plaintiffs' constitutes an "improper interference" with a contract. In sum, Telebrands' allegations in its First Amended Counterclaim—like those in its original Counterclaim—"stop[] short of the line between possibility and plausibility of entitlement to relief." *See id.* (quoting *Twombly*, 550 U.S. at 557)). Because the Court previously addressed this issue in the June 2016 Opinion and provided Telebrands an opportunity to amend, the Court will dismiss Count Three *with prejudice*.

6. ***Malicious Use of Process.*** To state a claim for malicious use of process under New Jersey law, a plaintiff must establish that (i) the defendant instituted a civil action against him; (ii) the action was motivated by malice; (iii) there was an absence of probable cause to prosecute; (iv) the action was terminated in the plaintiff's favor; and (v) the plaintiff suffered a special grievance, i.e., an interference with liberty or property. *See Shaw v. Law Offices of Hayt*, No. 15-8852, 2018 WL 1634829, at *3 (D.N.J. Apr. 5, 2018) (citing *LoBiondo v. Schwartz*, 970 A.2d 1007, 1022 (N.J. 2009)). "The absence of any one of these elements is fatal." *Brien v. Lomazow*, 547 A.2d 318, 324 (N.J. Super. Ct. App. Div. 1988).

7. A claim for malicious use of process is different from a claim for malicious abuse of process. *See Read v. Profeta*, No. 15-2637, 2017 WL 123438, at *3 n.6 (D.N.J. Jan. 11, 2017). Malicious use of process is simply the civil analog to malicious prosecution, which "provides a remedy for harm caused by the institution or continuation of a criminal action that is baseless." *LoBiondo*, 970 A.2d at 1022. Malicious use of process and malicious prosecution share the same elements, except malicious use of process requires the plaintiff also to show he suffered a special grievance. *See id.* at 1022-23. Thus, for both malicious-use-of-process claims and malicious-

prosecution claims, a plaintiff must show that the prior preceding was terminated in his favor. *See id.*

8. But a claim for malicious abuse of process does not require a showing of a favorably terminated proceeding, as "[t]he tort for malicious abuse of process lies not for commencing an improper action, but for misusing or misapplying process after it is issued." *Hoffman v. Asseenontv.Com, Inc.*, 962 A.2d 532, 541 (N.J. Super. Ct. App. Div. 2009). For a malicious-abuse-of-process claim, "courts must focus on not 'what prompted the suit but what action plaintiff engaged in after the commencement of the action.'" *Yogo Factory Franchising, Inc. v. Ying*, No. 13-0630, 2014 WL 1783146, at *13 (D.N.J. May 5, 2014) (quoting *Hoffman*, 962 A.2d at 541).

9. Here, Telebrands concedes that its claim for malicious use of process is based on Plaintiffs' filing of the present infringement suit. (*See* FAC ¶ 79 ("Ragner and Tristar filed the present infringement suit, and then after the U.S. Patent and Trademark Office issued its Final Rejection in the reexamination of the '076 patent, continued to pursue this suit, knowing all along that the suit is objectively baseless and frivolous."); D.E. No. 62 ("Telebrands Opp.") at 19 ("Telebrands' claim is based on Plaintiffs' improperly pursuing this action, not on Plaintiffs' proceedings in the Patent Office relating to the '076 patent."); *id.* at 21 ("Telebrands' allegations in its First Amended Counterclaim are sufficient to support a malicious use of process claim under New Jersey law, which will be borne out when Plaintiffs' infringement claims are terminated favorably to Telebrands.")). These concessions are fatal to Telebrands' claim. *See Brien*, 547 A.2d at 324 ("The absence of any one of these elements is fatal."); *see also Read*, 2017 WL 123438, at *3 n.6 ("The favorable-termination element implies that malicious use of process cannot be pursued as a counterclaim to the very complaint being challenged."); *Yogo Factory Franchising, Inc.*, 2014 WL 1783146, at *13 (dismissing counterclaim for malicious use of process

"because the claims . . . have not yet been determined or otherwise terminated in [the defendant's] favor").

10. Telebrands relies on a single case from this District. (Telebrands Opp. at 16) (citing *Artemi Ltd. v. Safe-Strap Co.*, No. 03-3382, 2013 WL 6860734 (D.N.J. Dec. 30, 2013)). According to Telebrands, *Artemi* "upheld a claim for malicious use of process *in the underlying lawsuit*, pending a favorable termination of the suit in the defendant's favor." (*Id.* at 16-21) (emphasis in original). Telebrands' reliance on *Artemi* is misplaced, however, because that case involved a claim for malicious *abuse* of process—even though the Opinion mistakenly uses the terms "malicious use of process" and "malicious abuse of process" interchangeably. *See Artemi Ltd.*, No. 03-3382, D.E. No. 46, Answer to Third Amended Complaint, Affirmative Defenses, and Counterclaims, at 8 (Count Three: Declaratory Judgment for Malicious Prosecution[2] and Abuse of Process) & D.E. No. 48-1, Artemi Ltd.'s Opening Brief in Support of Motion to Dismiss and to Strike, at 14 (seeking to dismiss "the counterclaim for abuse of process" and citing elements of "abuse of process"). To be sure—and as Plaintiffs point out (*see* D.E. No. 63 at 11)—*Artemi* relies on the New Jersey Supreme Court's decision in *Lobiondo*, which confirms that malicious use of process requires a favorably terminated prior proceeding. *Artemi Ltd.*, 2013 WL 6860734, at *5 (citing 970 A.2d at 1022-23). And cases decided after *Artemi* also confirm this requirement. *See Read*, 2017 WL 123438, at *3 n.6; *Yogo Factory Franchising, Inc.*, 2014 WL 1783146, at *12. Based on the foregoing, the Court dismisses Count Four *with prejudice*.

[2] The *Artemi* court dismissed the malicious-prosecution claim, noting that such a claim "can be based only on a criminal proceeding, not a civil suit." 2013 WL 6860734, at *5 n.5.

11. ***Conclusion.*** For the foregoing reasons, the Court GRANTS Plaintiffs' partial motion to dismiss Telebrands' First Amended Counterclaim and DISMISSES Counts Three and Four of Telebrands' First Amended Counterclaim *with prejudice*. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**