

**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806          www.pryorcashman.com

**Jeffrey L. Snow**

Direct Tel: 212-326-0425
Direct Fax: 212-326-0806
JSnow@PRYORCASHMAN.com

April 29, 2025

**VIA ECF**

Hon. Michael A. Hammer, United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:    *Ragner Tech. Corp. v. Telebrands Corp.,* 2:15-cv-08185-EP-MAH

Dear Judge Hammer,

    This firm, along with Stone & Magnanini LLP, represents Defendant Telebrands Corp. ("Telebrands") in the above-identified action. We write in response to Plaintiff Tristar Products, Inc.'s ("Tristar's") April 24, 2025 letter (filed under seal at Dkt. No. 333) ("Tristar's April 24, 2025 Letter"). As set forth below, Telebrands urges the Court to deny Tristar's request for leave to file a motion to amend the complaint in this action.

    When the parties appeared before Your Honor on *February 14, 2024*, Tristar's counsel speculated that Tristar might wish to assert a claim against Telebrands for purportedly tortiously interfering with Tristar's license agreements with Ragner Technology Corp. ("Ragner") by obtaining an assignment of the Ragner patents *after* Ragner terminated the agreements with Tristar on August 12, 2022. Tristar even alleged that this purported tortious interference enabled Telebrands to defraud the U.S. Patent and Trademark Office in reexamination proceedings relating to the Ragner patents. *See* Dkt. No. 296 at 31-39 (Hng. Tr. dated Feb. 14, 2024). The Court noted that adding such a claim to the present action would render this ten-year-old litigation even more unmanageable and suggested that any new claims should be brought in a standalone case. *Id*. at 32 ("Please tell me we're not looking to amend to add claims in this 10-plus-year-old case. . . . You understand my concern from a Rule 16 standpoint."); *id.* at 38 ("But what I'm hearing is in my [] 8-to-11-year-old case is, there is a new claim for fraud that might be better presented in [a] standalone case . . . ."). The Court further recognized that it had no ability to insert itself into the then-pending reexamination proceedings. *Id*. at 19. Those reexamination proceedings are now complete and all patents-in-suit have been canceled, rendering moot the infringement claims based on the Ragner patents and leaving only pendent claims and other non-patent claims in this action.[1]

---

    [1] Tristar's tortious interference and fraud claims against Telebrands are, by Tristar's own admission, *new* claims based on events that occurred in *2022 and later*. Tristar's April 24, 2025 Letter at 1 ("Until recently, these actions sought redress for [Telebrands'] infringement of certain

PRYOR CASHMAN LLP

Hon. Michael A. Hammer, United States Magistrate Judge
April 29, 2025
Page 2

Moreover, since last February, Tristar pursued claims comprising or relating to its tortious interference and fraud claims against Telebrands in two jurisdictions, meeting with resounding failure, which demonstrates that Tristar's requested amendment would be futile. Tristar pursued an action against Ragner for breach of contract in Florida state court, voluntarily dismissing its claims on the eve of trial *with prejudice*.[2] Tristar also sued Telebrands, its outside counsel, Jeffrey Snow, and another party in the Northern District of Florida on ten claims, all of which were dismissed. *See Tristar Products, Inc. v. Telebrands Corp. et al.*, 3:24-cv-238-MCR-HTC (Rodgers, J.) (filed May 22, 2024) ("Florida Action"). On April 14, 2025 Judge Rodgers issued a 70-page order dismissing all claims in the Florida Action ("Order") (Ex. B).[3] In the Order, Judge Rodgers explained, "Tristar's tortious interference claim is a speculative theory in search of facts to support it" (Order at 59). Although Tristar's tortious interference claim was dismissed without prejudice, Tristar voluntarily dismissed its District Court action (Ex. C), choosing to avoid appearing again before Judge Rodgers who, after reading hundreds of pages addressed to Tristar's claims, dismissed them all. Nevertheless, Telebrands' Rule 11 Motion against Tristar and its counsel, Fried Frank, in the Florida Action remains *sub judice*.

Tristar now seeks to come back to this Court, which had advised Tristar more than a year ago against bringing the claims, to try again to add them to this action, asserting that it now has alleged new grounds to do so because of the recent "Attorneys' Eyes Only" production of an October 2022 License Agreement between Telebrands and Ragner and related documents. The confidentiality designation presents no serious obstacle to relying on these documents, since a party may seek relief, *e.g.*, by sealing the record. Irrespective of confidentiality considerations, however, examination of the documents cited by Tristar, including the Telebrands-Ragner October

---

patents . . . ."). Such claims do not relate to any of the extant causes of action in this case. The remaining tort claims relate to facts and occurrences long preceding 2022, and the now-asserted tortious interference and fraud claims do not relate to the recited causes of action, which concern purported false advertising and an alleged misappropriation of a prototype from Ragner that occurred approximately 15 years ago. To the extent Tristar may argue that the claims relate to its patent infringement claims, such claims have already been dismissed.

[2] Tristar's tortious interference and fraud claims against Telebrands are barred in light of Tristar's terminated Florida state court action against Ragner. *See Tristar Products, Inc. v. Ragner Technology Corp.*, Case No. 01-2023-CA-898 (Fla. 8th Cir. Ct., Alachua Cnty.). The breach of contract claims against Ragner concerned Ragner's terminating Tristar's license agreements. In dismissing the Florida state court action against Ragner with prejudice (Ex. A), Tristar abandoned its claim that Ragner's termination of the license agreements constituted a breach and, thus, Telebrands could not have improperly interfered with or fraudulently induced Ragner to terminate the Ragner-Tristar licenses based on any such breach.

[3] Judge Rodgers found, after an extensive examination of Tristar's allegations and the factual background to the case, that the reexamination proceedings and the manner in which they were conducted were fully appropriate and above-board. Order at 25, 28-29, 32-33 & 41-43.

**PRYOR CASHMAN LLP**

Hon. Michael A. Hammer, United States Magistrate Judge
April 29, 2025
Page 3

2022 agreement, shows that there is no factual support for a tortious interference claim.[4] Rather than pursue its claims against Telebrands in the Northern District of Florida, where Judge Rodgers granted leave to amend, Tristar voluntarily dismissed the Florida Action and returned to this Court. *See* Order at 69.

There is nothing new here that was not already before the court in the Florida Action, where Judge Rodgers considered Tristar's allegations and determined that they were insufficient. By seeking to amend its complaint in the present action, Tristar is merely trying to prolong and avoid an end to this litigation. Even worse, Tristar's request to amend its complaint in this action at this late stage of the proceedings amounts to *blatant forum shopping* in search of a judge willing to consider these already-rejected claims.

This Court should not grant Tristar's application for leave to file a motion to amend or for relief from the protections of the Discovery Confidentiality Order.[5] There is no good cause to permit Tristar to amend its complaint in this case. It is time to end this litigation; nevertheless, if Tristar pursues its meritless claim in this case or a separate litigation, Telebrands will seek Rule 11 sanctions for Tristar's continuation of these frivolous claims.

We appreciate the Court's attention to this matter.

Respectfully submitted,

| | |
|---|---|
| PRYOR CASHMAN LLP | STONE & MAGNANINI LLP |
| *Counsel for Telebrands Corp.* | *Counsel for Telebrands Corp.* |
| s/Jeffrey L. Snow | s/David S. Stone |
| Jeffrey L. Snow | David S. Stone |

cc: All counsel of record (via ECF)

---

[4] Tristar misrepresents the contents of documents from Telebrands' production in this case, which do not support tortious interference and fraud claims against Telebrands, particularly because of the documents' failure to show that Telebrands had any negotiations with Ragner on any subject *prior to the termination of the Ragner-Tristar agreements*. Tristar has not met—and cannot meet—the pleading standard Judge Rodgers articulated in dismissing those claims. *See* Order at 60 n.40. Further, it is telling that Tristar has never been able to allege any concrete facts to support its tortious interference and fraud claims despite having Ragner—the party involved in the alleged transactions with Telebrands—as its *co-party* in this action.

[5] There is simply no reason for this Court to consider granting any "relief" from the terms of the Discovery Confidentiality Order, as Tristar requests, particularly with respect to Tristar's purported use of confidential material from this case in another non-existent action.